**BOREN CLAY PRODUCTS COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 13361.

United States Court of Appeals
Fourth Circuit.

Argued Dec. 5, 1969.
Decided Jan. 8, 1970.

Arthur McM. Erwin, Spartanburg, S. C. (Erwin & Bradley, Spartanburg, S. C., on brief), for petitioner.

Abigail Cooley Baskir, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Sanford H. Fisher, Atty., N.L.R.B., on brief), for respondent.

Before SOBELOFF and CRAVEN, Circuit Judges, and MERHIGE, District Judge.

PER CURIAM.

The National Labor Relations Board found that the Company violated 8(a) (1) and 8(a) (5) of the National Labor Relations Act.

First, the 8(a) (1) charge, that the Company was "engaged in conduct clearly designed to intimidate and coerce its employees into repudiating the Union," is amply supported by the evidence. Foremen, on more than one occasion, made decidedly coercive, and

---

hence illegal, statements to employees about the Union and their participation in it. Worse yet, Company officials figured prominently in the encouragement and solicitation of signatures for a decertification petition.

 Second, the Company violated 8 (a) (5) when it ceased negotiating with the certified Union as soon as a decertification petition was filed on behalf of certain employees. The Company does not contest the Union's majority and admits that it has never doubted the Union's strength. Its sole contention is that when some employees file a decertification petition, the Board may not insist that the Company display good faith. Clearly, this position is not in accordance with the law. See NLRB v. Rish Equipment Co., 407 F.2d 1098, 1100–1101 (4th Cir. 1969).

Enforcement granted.